NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF ST. CROIX

| | |
|---|---|
| FAYUN LUO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QIAO XING UNIVERSAL RESOURCES, RUI LIN WU, JIUJIU JIANG,<br><br>Defendants. | Civ. No. 12-0045<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

This matter comes before the Court upon a motion for class certification, appointment of class representatives and class counsel, and default judgment by Lead Plaintiff Xiaolin Chi ("Plaintiff"). (ECF No. 78). The motion is unopposed. The Court will decide this matter based upon the written submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for class certification and appointment as class counsel and liaison counsel will be granted, and Plaintiff's motion for default judgment will be denied without prejudice, to be re-filed following the conclusion of the opt-out period for class members.

**BACKGROUND**

This is a securities class action brought pursuant to Sections 10(b) and 20(a) of the Securities and Exchange Act and Rule 10b-5 promulgated thereunder.

---

[1] The Honorable Anne. E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

On April 27, 2012, Plaintiff filed a complaint against Defendant Qiao Xing Universal Resources ("Xing" or "corporate defendant") and its officers Rui Lin Wu and JiuJiu Jiang (collectively, "Defendants") alleging violations of the Securities and Exchange Act of 1934. The corporate defendant is a British Virgin Island public company traded on the NASDAQ United States Stock Exchange. (ECF No. 1). Plaintiff filed the First Amended Complaint on June 15, 2012, adding Zhi Yang Wu and Aijun Jiang as individual defendants. (ECF No. 6). Summons were issued for Xing, Rui Lin Wu, JiuJiu Jiang, and Zhi Yang Wu on February 5, 2013.[2] (ECF Nos. 43–46). Xiaolin Chin was appointed Lead Plaintiff on March 6, 2013. (ECF No. 47). Because Defendants reside in China, the process to serve Defendants was slow. The summons were returned executed by April 16, 2014. (ECF Nos. 52–65, 73). At the time of service in October, 2013, Defendants were each served with the summons and the First Amended Complaint.[3] (*Id.*). Plaintiff moved for entry of default and default was entered for the Plaintiff and against Defendants Xing, Rui Lin Wu, JiuJiu Jiang, and Zhi Yang Wu on the First Amended

---

[2] No summons was issued for individual defendant Aijun Jiang, and there is no evidence that Aijun Jiang was ever served. Plaintiff does not seek default judgment against Aijun Jiang, and this opinion does not apply to that individual.

[3] Plaintiff filed a Second Amended Complaint on May 21, 2013 (ECF No. 48) following the appointment of Lead Plaintiff (ECF No. 47). It was not given leave to do so. Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days after serving it, and may only amend its pleading subsequently with the opposing party's written consent or the court's leave. Both amended complaints were filed after the 21 day deadline. However, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of the fact that the four defendants who have been served were served with the First Amended Complaint and default was entered against those four defendants on the First Amended Complaint, the Court finds that it is in the interest of justice to permit the first amendment to the pleading and to bar the Second Amended Complaint. The First Amended Complaint is that which will be considered for the purpose of this motion. Additionally, Plaintiff adds four new individual defendants in the Second Amended Complaint (¶¶ 49–52). Summons were never issued nor were those defendants served, and default has not been entered against those defendants or pursuant to that Complaint. Thus, this opinion does not apply to those individuals.

2

Complaint on July 7, 2014. (ECF No. 74). On July 8, 2015, Plaintiff moved for class certification, appointment of class counsel, and default judgment. (ECF No. 78). That motion is presently before the Court. Defendants have not entered an appearance or in any way responded in this matter.

## DISCUSSION

"[I]n cases where a defendant failed to appear, an entry of default by the clerk of the court has not prevented district courts from considering whether to certify a class prior to the entry of a default judgment against a defendant." *Skeway v. China Nat. Gas, Inc.*, 304 F.R.D. 467, 472 (D. Del. 2014). "[A]ny other conclusion might give defendants an incentive to default in situations where class certification seems likely." *Id.* (internal citation omitted). Thus, the Court will turn to the question of class certification in this case.

### A. Class Certification

A class may be certified pursuant to Fed R. Civ. P. 23(a) when "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition to these requirements, when legal relief is the predominant form of relief sought, certification is proper only where "questions of law or fact common to class members predominate over any questions affecting only individual members, and [where] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These requirements are known as "predominance" and "superiority" respectively. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310 (3d Cir. 2008).

The burden is on the plaintiff to prove the requirements of Rule 23 have been satisfied. *Id.* at 311–12. "Class certification is proper only 'if the trial court is satisfied, after a rigorous analysis, that the prerequisites' of Rule 23 are met." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d at 309 (quoting *Gen Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). Factual determinations made by a preponderance of the evidence are necessary as to each requirement of Rule 23, i.e., they are not merely threshold pleading requirements. *Id.* at 307; *see also id.* at 310 ("[A] class may not be certified without a finding that each Rule 23 requirement is met."). According to the United States Court of Appeals for the Third Circuit, "predominance tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation, a standard far more demanding than the commonality requirement of Rule 23(a) requiring more than a common claim. Issues common to the class must predominate over individual issues." *Id.* at 311 (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 623–24 (1997); *Newton v. Merrill Lynch, Fenner & Smith, Inc.*, 259 F.3d 154, 187 (3d Cir. 2001); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 313–14 (3d Cir. 1998) (internal quotation marks omitted)). Therefore, if one element of a claim can be proven only by resort to individual treatment, class certification is inappropriate. *Newton*, 259 F.3d at 172. Proof of each element of a claim is not required, but plaintiffs seeking class certification "must demonstrate that [each] element of [the cause of action] is capable of proof at trial through evidence that is common to the class rather than individual to its members." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d at 311–12.

Lead Plaintiff seeks class certification of the following class: "All persons and entities that purchased or otherwise acquired the common stock of Xing during the period from May 26, 2010 to April 16, 2012, both dates inclusive ("Class Period")." Excluded from the Class are Defendants, members or immediate families of individual Defendants, any entity that directly or

indirectly controls or is controlled by, or is under common control with, any Defendant, and the present and former officers, directors, employees, affiliates, legal representatives, heirs, processors, successors, and assigns of individual Defendants and/or Xing. (Br. at 1, ECF No. 78). Plaintiff alleges that during the Class Period, Defendants concealed a series of self-dealing fraudulent transactions, including transfer of Xing's assets to Wu, who was Xing's CEO at the time. (*Id.* at 2). Specifically, Xing made multiple false and misleading public announcements and SEC filings regarding the acquisition of Balinzuo Banner Xinyuan Mining Co., Ltd. ("Xinyuan") from Chifeng Xingu Mining Co., Ltd. ("Xingu") for about $88.4 million. (*Id.* at 3). Wu, Xing's CEO at the time and a defendant in this case, owned both Xinyuan and Xingu through wholly-owned subsidiaries. (*Id.* at 3). Furthermore, Wu and his family owned or controlled 41.5 percent of Xing's outstanding common stock at that time. (*Id.* at 3). Therefore, this was a related party transaction that was not disclosed. (*Id.*). Additionally, in June 2011, Xing transferred an unknown amount from a subsidiary's bank account to Wu. This transfer was not disclosed and caused NASDAQ to suspend trading of Xing's stock. (*Id.* at 4). As a result of the trading halt from April 16, 2012 to May 10, 2012, shareholders sustained a seventy-percent loss. (*Id.* at 5). Individual defendants were officers of the company, and some signed the specific statements at issue. (First Am. Compl. ¶¶ 20, 36, ECF No. 6).

The Third Circuit has noted that class actions are particularly appropriate, desirable, and expeditious means to resolve securities actions. *See, e.g.*, *Eisenburg v. Gagnon*, 766 F.2d 770, 785 (3d Cir. 1985) (abrogated on other grounds as noted by *Merlo v. Federal Exp. Corp.*, 2010 WL 2326577, *3 (D.N.J. 2010) (courts should look at the merits of a claim during the class certification inquiry; there is no rule that doubtful cases should be resolved in favor of class certification)).

*1. Numerosity*

Xing was a publicly traded company on the NASDAQ with an average of 4,864,397 shares of common stock traded on a weekly basis during the class period and an average of 92.6 million shares of common stock were outstanding. (Br. at 7, 12). While Plaintiff has not ascertained the precise number of class members, Plaintiff has plausibly alleged that the class is so numerous that joinder of all members individually is impracticable. The Court finds that the numerosity requirement is satisfied.

*2. Commonality*

In order to prove a case of securities fraud, the Plaintiff would need to show that Defendants made material false or misleading statements or omissions, with scienter, and which caused the class members' losses. These questions of law and fact will be common to all class members. Thus, the commonality requirement is satisfied.

*3. Typicality*

"Factual differences will not defeat typicality if the named plaintiffs' claims arise from the same event or course of conduct that gives rise to the claims of class members and are based on the same legal theory." *Frank v. Gov't of Virgin Islands*, 2010 WL 1286077, at *3 (D.V.I. Mar. 31, 2010) (citing *Danvers Motors Co., v. Ford Motor Co.*, 543 F.3d 141, 150 (3d Cir. 2008)). In this case, Lead Plaintiff's claim and that of all class members arises out of Defendant's alleged violations of Section 10(b) and 20(a) of the Securities and Exchange Act. Thus, Lead Plaintiff's claims arise from the same event and are based on the same legal theory as the claims of the class. The typicality requirement is satisfied.

*4. Adequacy*

"[T]he adequacy of representation inquiry tests the qualifications of the counsel to represent the class . . . [and] serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 312 (3d Cir. 1998) (citing *Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 625 (1997)) (internal citations omitted). The Court finds that Lead Plaintiff has shown that he and his counsel are adequately qualified to represent the class.

*5. Predominance*

"Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws[.]" *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 314 (3d Cir. 1998) (citing *Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 625 (1997)). The "presence of individual questions as to the reliance of each investor does not mean that the common questions of law and fact do not predominate." *Id.*, 148 F.3d at 315 (citing *Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir. 1985)). While individual class members may have entered or exited the class at different times and therefore have sustained different losses, the crux of their losses is based on Defendants' material false or misleading statements or omissions and class members' reliance thereon. The Court need not reach the question of the class members' reliance in order to find that common questions of law and fact predominate and declines to do so here. The common questions of law and fact predominate in this securities fraud matter.

6. *Superiority*

Lastly, the Court must determine if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The court

should consider: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.*

In this case, the current Plaintiff has been pursuing this action since April 2012, over five years. Typical individual claims are too small to maintain separate actions. The fact that Defendants operate out of China, Defendant Corporation (Xing) is incorporated in the British Virgin Islands, and the stock was traded on the NASDAQ weigh in favor of adjudicating this claim in its entirety in a single forum. The Court find that a class action is the superior method of adjudicating these claims.

### 7. *Appointment as Lead Counsel and Liaison Counsel*

"In appointing class counsel, the court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A). In this case, The Rosen Law Firm has been involved in this case since the beginning. Counsel has retained Dr. Adam Werner, a Director at Gnarus Advisors, LLC and a Lecturer in finance and economics at the Orfalea College of Business at Cal Poly San Luis Obispo, California, to determine whether investors in Xing suffered losses as a result of Defendants' misconduct. (*See* ECF No. 78-2). The Rosen Law Firm and The Law Offices of Kevin Rames have each shown significant knowledge of securities fraud class action law and complex litigation involving Chinese companies. (*See* Br. at

8

17 and referenced exhibits). The Court is satisfied that Rosen and Rames are appropriate class counsel.

### B. Default Judgment

The class must be notified and putative class members given the opportunity to opt out pursuant to Rule 23(b)(3), prior to any judgment that could be binding on them. Therefore, the motion for default judgment will be denied without prejudice and Plaintiff may re-file after the opt-out period has closed. The Court notes that Plaintiff's expert report currently relies on the Second Amended Complaint. (*See supra* note 3).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for class certification and appointment as class representative, lead counsel, and liaison class counsel will be granted and the motion for default judgment will be denied without prejudice. A corresponding order will follow.

Date: *6/6/17*  /s/ *Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.