IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
ST. CROIX DIVISION

| | |
|---|---|
| XIAOLIN CHI AND FAYUN LUO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>QIAO XING UNIVERSAL RESOURCES, INC., RUI LIN WU, ZHI YANG WU, AIJUN JIANG, and JIUJIU JIANG<br><br>Defendants. | CASE No.: 12-0045<br><br>CLASS ACTION<br><br>ORDER APPROVING NOTICE AND SUMMARY NOTICE OF PENDENCY OF CLASS ACTION |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

WHEREAS, by an Order dated June 6, 2017, the Court certified the above-captioned action (the "Action") to proceed as a class action on behalf of a class consisting of All persons or entities that purchased or otherwise acquired the publicly traded common stock of Qiao Xing Universal Resources, Inc. ("Xing" or the "Company") from May 26, 2010 to April 16, 2012, inclusive and did not sell such securities prior to April 16, 2012.

Upon consideration of the Lead Counsel's letter to the Court, the Notice of Pendency of Class Action, and the Summary Notice of Pendency of Class Action, the Court finds that good cause exists to approve such notice and further finds and orders as follows:

1. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action (the "Notice") and the Summary Notice of Pendency of Class Action (the "Summary Notice" and together with the Notice, the "Notices"), attached thereto as Exhibits 1 and 2, respectively.

2. The proposed form and content of the Notice meet the requirements of Rule 23(c)(2)(B) as it clearly and concisely states in plain and easily understood language all of the

1

following: (a) the nature of the action; (b) the definition of the class certified; (c) the class claims, issue or defenses; (d) a class member's right to enter an appearance through an attorney if the member so desires; (e) a class member's right to be excluded from the class; (f) the time and manner for requesting exclusion; (g) and the binding effect of a class judgment on members under Federal Rule of Civil Procedure 23(c)(3). The Notice, the Summary Notice, and the method and schedule set forth below for notifying the Class of the pendency of the Action as a class action meet the requirements of Rule 23 and of due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3. The Court approves the retention of Strategic Claims Services as the Notice Administrator.

4. The Notice Administrator or Lead Counsel shall contact the Transfer Agent of Qiao Xing's common stock immediately after the date of this Order to request a list of record owners of the common stock of Qiao Xing during the Class Period. No later than fourteen (14) calendar days after this request is made, the Transfer Agent shall provide the Notice Administrator or Lead Counsel a list of the record owners of Qiao Xing common stock during the Class Period in usable electronic format, such as an Excel spreadsheet. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated in the Order.

5. The Notice Administrator shall cause the Notice, substantially in the form attached hereto as Exhibit 1, to be mailed, by first-class mail, postage prepaid, not later than thirty (30) calendar days ("Notice Date") from entry of this Order, to Class Members at the addresses set forth in the records provided by the Transfer Agent pursuant to paragraph 4 above or who may otherwise be identified with reasonable effort. The Notice Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have, for the beneficial interest of any person or entity other than itself or themselves, purchased or acquired Xing common stock from May 26, 2010 to April 16, 2012. Such nominees shall either (a) within seven (7) calendar days of receipt of the Notice, request

from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Notice Administrator and the Notice Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought.

6. Contemporaneously with the mailing of the Notice, the Notice Administrator shall cause a copy of the Notice to be posted on the Notice Administrator's website, www.strategicclaims.net, from which Class Members may download copies of the Notice.

7. The Notice Administrator shall cause a copy of the Summary Notice, substantially in the form attached hereto as Exhibit 2, to be published once in *Investors Business Daily* and *GlobeNewswire* within ten (10) calendar days of the mailing of the Notice.

8. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request shall mail the request in written form by first class mail, postmarked no later than 60 days from the Notice Date, to the address designated in the Notice. Such request for exclusion shall clearly state that the Class Member requests exclusion from the Class in *Luo v. Qiao Xing Universal Res., Inc.*, Case No. 12-0045 and must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Xing common stock purchased, acquired, and/or sold during the Class Period as well as the dates and prices of each such purchase, acquisition and/or sale; (iii) be signed by the person or entity requesting exclusion or an authorized representative; and (iv) include account

documentation reflecting the person or entity's purchase and sale of Xing stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

9. Any Class Member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as set out in the Notice, no later than seventy five (75) calendar days after the Notice Date.

10. Class Counsel shall file with the Court proof of mailing of the Notice and proof of publication of the Summary Notice within ten (10) business days following the date the Summary Notice is published. Class Counsel shall also file with the Court an affidavit setting forth a list of all persons and entities who have validly and timely requested exclusion from the Class within fourteen (14) calendar days following the expiration of the exclusion deadline.

11. This Order may be modified by the Court upon motion by either or both parties, for good cause shown.

IT IS SO ORDERED.

SIGNED AND ENTERED this 7th day of August 2017.

THE HONORABLE ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE